IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYNNE P. KRAMER AND CHARLES KRAMER,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH COAST VILLAGE, ITS COUNCIL OF CO-OWNERS AND REAL LEGACY ASSURANCE COMPANY, INC.,<br><br>Defendants. | CIVIL NO. 05-1828 (JAG) |
| NORTH COAST VILLAGE, ITS COUNCIL OF CO-OWNERS AND REAL LEGACY ASSURANCE COMPANY, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>RUDOLPH (RUDY) JURGENSEN, HIS SPOUSE AND THEIR COMMUNAL PROPERTY LEGAL ENTITY; ADVANTAGE DEVELOPMENT CORP.,<br>Z, B, AND C UNKNOWN ENTITIES,<br>Z, Y AND Z INSURANCE CARRIERS,<br><br>Third-Party Defendants. | |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

This is a civil action brought under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141, in which plaintiffs seek redress for damages suffered from a slip and fall when

plaintiff Lynne P. Kramer stepped on the tiles of a pavilion of the North Coast Village Condominium in Dorado, Puerto Rico. Plaintiffs filed suit against North Coast Village Condominium, its Council of Co-Owners and Real Legacy Assurance Corp. ("Real Legacy"). Jurisdiction is invoked under the diversity of citizenship statute, 28 U.S.C. § 1332. (Docket No. 1).

In turn, co-defendants North Coast Village Condominium, its Council of Co-Owners and Real Legacy (collectively referred as "Third Party Plaintiffs") filed a Third Party Complaint and a Second Amended Third Party Complaint against Third Party Defendants Rudolph "Rudy" Jurgensen, his spouse and their communal property legal entity and Advantage Development Corp. ("Advantage"), (collectively referred to as "Third Party Defendants"). (Docket Nos. 48 and 62).

The Third Party Defendants filed a Motion for Summary Judgment and Memorandum of Law requesting the dismissal of this action against them. The Third Party Defendants also filed a Statement of Uncontested Facts accompanied by a Sworn Statement of Mr. Jurgensen. The Third Party Defendants aver that the Third Party Plaintiffs cannot establish a cause of action which will hold Mr. Jurgensen, his wife and their conjugal partnership personally liable for the claims stated in the Second Amended Third Party Complaint. In addition, the Third Party Defendants allege that the Second Amended Third Party Complaint against Advantage should be dismissed because the Council of Co-Owners of North Coast Village Condominium was the one liable for the administration of the common elements of the Condominium at the time of the alleged accident and not Advantage, who was the developer and tendered the administration of the common elements to the Council of Co-Owners of the Condominium on August 12, 2001. (Docket No. 92).

The Third Party Plaintiffs filed an "Opposition to Motion for Summary Judgment and Memorandum in Support" and an Opposing Statement of Material Facts pursuant to Local Rule 56. (Docket No. 101).

The above mentioned dispositive motion was referred by the Court to this Magistrate Judge for report and recommendation. (Docket No. 95).

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Rule 56 (c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 ©; Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir. 1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

Lynne P. Kramer et als. v. North Coast Village, et als.
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 4

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir. 1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury of judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575 (1968).

**LEGAL ANALYSIS**

**A.     Summary Judgment Request as to Claims against Mr. Jurgensen, his wife, and their Conjugal Partnership, as individuals.**

Third Party Plaintiffs North Coast Village Condominium, the Council of Co-Owners and Real Legacy filed an "Opposition to Motion for Summary Judgment and Memorandum in Support" indicating that, as far as Mr. Jurgensen, his spouse, as individuals, and their conjugal partnership, they were willing to agree to a dismissal without prejudice without any imposition of attorney's fees and costs. (Docket No. 101).

Accordingly, it is recommended that summary judgment be GRANTED as to all claims filed by the Third Party Plaintiffs against Mr. Jurgensen, his spouse, as individuals, and their conjugal

partnership. Accordingly, the claims filed against them should be DISMISSED WITH PREJUDICE.

## B.   Summary Judgment Request as to Claims filed against Advantage.

Third Party Plaintiffs North Coast Village Condominium, the Council of Co-Owners and Real Legacy filed an "Opposition to Motion for Summary Judgment and Memorandum in Support" claiming that the main liability issue is one related to the installation of tiles with lesser friction properties at the pavilion in question where the slip and fall occurred and, Advantage, as the developer of the project, is liable for creating a "slippery and dangerous condition" by installing tiles which were not specified by the condominium's construction drawings. They claim this issue is object of two expert witnesses reports, each with a contrary position. Thus, the Third Party Plaintiffs contend there is a material issue of fact in controversy which prevents the entry of summary judgment in favor of Advantage. (Docket No. 101). We agree.

It is uncontested that on August 12, 2001, Advantage tendered the administration of the complex, including common elements to the Council of Co-Owners of North Coast Village Condominium. It is also uncontested that the alleged accident in this case occurred on September 7, 2004, more than three (3) years after Advantage had tendered the administration of North Coast Village Condominium to its Council of Co-Owners. Nonetheless, the Third Party Plaintiffs have raised a material issue of fact which prevents the entry of summary judgment, namely, an issue of liability of Advantage as developer of the Condominium for the installation of tiles not specified in the construction drawings which is object of a controversy between the two expert witnesses in this case who have reached different conclusions as to the "non-slip" nature of the tiles in question.

<u>Lynne P. Kramer et als. v. North Coast Village, et als.</u>
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 6

The discrepancy among the expert witnesses creates a matter of credibility which is for the trier of fact to assess at trial.  It is settled law that credibility issues fall outside the scope of summary judgment. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.' " <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, <u>Domíguez-Cruz v. Suttle Caribe</u>, Inc., 202 F.3d 424, 432 (1st Cir. 2000) (court should not engage in credibility assessments); <u>Simas v. First Citizens' Fed. Credit Union</u>, 170 F.3d 37, 49 (1st Cir. 1999) (credibility determinations are for the factfinder at trial, not for the court at summary judgment."); <u>Pérez-Trujillo v.. Volvo Car Corp.</u>, 137 F.3d 50, 54 (1st Cir. 1998) (credibility issues not proper on summary judgment); <u>Molina Quintero v. Caribe G.E. Power Breakers, Inc.</u>, 234 F.Supp.2d 108, 113 (D. Puerto Rico 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." <u>Cruz-Baez v. Negrón-Irizarry</u>, 360 F.Supp.2d 326, 332 (D. Puerto Rico 2005) (internal citations, brackets and quotation marks omitted); <u>Guzmán-Tebenal v. Aspira of Puerto Rico</u>, __ F.3d. __, 2007 WL 1437498 (D. Puerto Rico , May 14, 2007).

In view of the foregoing, it is recommended that summary judgment be DENIED as to the claims filed by the Third Party Plaintiffs against Advantage.

## CONCLUSION

In view of the above discussed, it is recommended that the Third Party Defendants' Motion for Summary Judgment and Memorandum of Law requesting the dismissal of the claims filed against them (Docket No. 92) be **GRANTED IN PART AND DENIED IN PART** as follows:

- Summary judgment be **GRANTED** as to all claims filed by the Third Party Plaintiffs against Rudy Jurgensen, his spouse, as individuals, and their conjugal partnership. Thus, the claims filed against them should be DISMISSED WITH PREJUDICE.

- Summary judgment be **DENIED** as to the claims filed by the Third Party Plaintiffs against Advantage.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of June of 2007.

                                        **S/ CAMILLE L. VELEZ-RIVE**
                                        **CAMILLE L. VELEZ-RIVE**
                                        **UNITED STATES MAGISTRATE JUDGE**