IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LYNNE P. KRAMER AND CHARLES KRAMER,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH COAST VILLAGE, ITS COUNCIL OF CO-OWNERS AND REAL LEGACY ASSURANCE COMPANY, INC.,<br><br>Defendants. | CIVIL NO. 05-1828 (JAG) |
| NORTH COAST VILLAGE, ITS COUNCIL OF CO-OWNERS AND REAL LEGACY ASSURANCE COMPANY, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>RUDOLPH (RUDY) JURGENSEN, HIS SPOUSE AND THEIR COMMUNAL PROPERTY LEGAL ENTITY; ADVANTAGE DEVELOPMENT CORP., Z, B, AND C UNKNOWN ENTITIES, Z, Y AND Z INSURANCE CARRIERS,<br><br>Third-Party Defendants. | |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

This is a civil action brought under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141, seeking redress for damages suffered from a slip and fall when plaintiff Lynne

P. Kramer stepped on the tiles of a pavilion of the North Coast Village Condominium in Dorado, Puerto Rico. Plaintiffs filed suit against North Coast Village Condominium, its Council of Co-Owners and Real Legacy Assurance Corp. ("Real Legacy"). Jurisdiction is invoked under the diversity of citizenship statute, 28 U.S.C. § 1332. (Docket No. 1).

In turn, co-defendants North Coast Village Condominium, its Council of Co-Owners and Real Legacy (collectively referred as "Third Party Plaintiffs") filed a Third Party Complaint against Third Party Defendants Rudolph "Rudy" Jurgensen, his spouse and their communal property legal entity and Advantage Development Corp. ("Advantage"), (collectively referred to as "Third Party Defendants"). (Docket No. 48).

A Second Amended Third Party Complaint was then filed by the Third Party Plaintiffs including Integrand Assurance Company, Inc. ("Integrand") as a Third Party Defendant claiming Integrand issued an insurance policy (CP6112950) in the names of Third Party Defendants Rudolph Jurgensen, and/or Advantage Development Corp. and/or Ten General Contractors Inc. for the North Coast Village project covering the present risk or action. The Third Party Plaintiffs aver Integrand could be jointly liable to plaintiffs and to the Third Party Plaintiffs for the alleged Third Party Co-defendants' negligence in installing the tiles which allegedly caused plaintiff to slip and fall. (Docket No. 62).

Third Party Defendant Integrand filed a Motion for Summary Judgment requesting the dismissal of this action against it claiming no liability as to plaintiffs or as to Third Party Plaintiffs because it had not issued an insurance policy in benefit of Third Party Defendants Rudolph

Jurgensen and/or Advantage Development Corp. and/or Ten General Contractors, Inc., that would be in effect at the time of the alleged accident on September 7, 2004. In addition, Integrand avers the policy which was extended by Integrand in favor of Ten General Contractors Inc. in effect throughout the construction period (February 1, 1999 to February 2, 2002) of the North Coast Village complex did not cover occurrences arising from construction/product defects, errors in design and/or insured's delay or failure to perform contract or agreement in accordance with its terms. Integrand's Motion for Summary Judgment is supported by a Sworn Statement of María Teresa Martín Soto, Legal Examiners Unit Manager at Integrand. (Docket No. 89).

The Third Party Plaintiffs filed a "Motion for Default Entry and Request for Denial of Summary Judgment filed by Integrand" requesting the entry of default against Integrand for having failed to timely answer the Second Amended Third Party Complaint. In addition, the Third Party Plaintiffs succinctly oppose the summary judgment request alleging there is a genuine issue of fact on the policy issued which prevents the entry of summary judgment. (Docket No. 93).

The Court Denied the entry of default against Integrand. (Docket No. 94).

Integrand filed a Reply to the Opposition basically stating that there are no issues of fact in controversy inasmuch the issue before the court is a policy issue, not a factual issue. (Docket No. 96).

Case 3:05-cv-01828-JAG   Document 103   Filed 06/05/07   Page 4 of 10

Lynne P. Kramer et als v. North Coast Village et als.
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 4

The above mentioned dispositive motion was referred by the Court to this Magistrate Judge for report and recommendation. (Docket No. 95).

## SUMMARY JUDGMENT STANDARD OF REVIEW

Rule 56 © of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 ©; Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir. 1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). Thereafter, the burden shifts to the non-

movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir. 1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury of judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575 (1968).

## LEGAL ANALYSIS

The Third Party Plaintiffs contend in their Opposition that Integrand's assertion in support of the summary judgment request, that there was no insurance policy issued at the time of the accident, is "a self-serving conclusion, with no base in any specific documentary evidence." In addition, the Third Party Plaintiffs contend that Integrand states a wrong premise and discusses facts which were not alleged in the Second Amended Third Party Complaint. Thus, they assert there is a genuine controversy between the parties which prevents the entry of summary judgment. (Docket No. 93, pp. 5-6).

A careful review of the Third Party Plaintiffs' Opposition to the summary judgment request shows that it lacks any support on credible evidence to create an issue of fact which would prevent the granting of summary judgment. Moreover, the Third Party Plaintiffs have totally ignored the Sworn Statement of María Teresa Martín Soto, Legal Examiners Unit Manager at Integrand, which was filed in support of Integrand's Motion for Summary Judgment.

<u>Lynne P. Kramer et als v. North Coast Village et als.</u>
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 6

In fact, the Third Party Plaintiffs have not supported their arguments in opposition to the summary judgment request in any document, affidavit or sworn statement.  Thus, the arguments included in the Opposition are merely unsupported arguments of counsel. Unsupported, conclusory arguments of counsel, however, do not create an issue of fact. See <u>Matthiesen v. Banc One Mortgage Corp</u>., 173 F.3d 1242, 1247 (10th Cir. 1999)

Based on the unchallenged Sworn Statement of Ms. Martín Soto's, the Court finds that there is no genuine dispute as to the following material facts:

1. Ms. Martín Soto is the Legal Examiner Unit Manager for Integrand and she has read the Second Amended Third Party Complaint served on Integrand. *(*Docket No. 89*,* Exhibit 1*,* ¶¶ 2 and *3*).

2. After carefully reviewing the Second Amended Third Party Complaint, Ms. Martín Soto noticed that the fifth paragraph alleges that "Integrand Assurance Company, Inc. is a third party defendant which issues one insurance policy (CP6112950) or more, in the names of third party defendants Rudolph Jurgensen and/or Advantage Development and/or Ten General Contractors, Inc. for the North Coast Village project, covering the present risk or action.  Third Party Defendant Integrand Assurance Company, Inc., could be jointly liable to plaintiff and to the appearing third party plaintiffs for the third party defendants' negligence, including probably its own project inspector's negligence." (*Id*. ¶ 4).

3. Ms. Martín Soto initiated a search within Integrand's electronic file to determine if in fact Integrand had issued an insurance policy in favor of third party co-

Case 3:05-cv-01828-JAG   Document 103   Filed 06/05/07   Page 7 of 10

Lynne P. Kramer et als v. North Coast Village et als.
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 7

      defendants Rudolph Jurgensen and/or Advantage Development Corp and/or Ten General Contractors, Inc. as claimed in the Second Amended Third Party Complaint to cover damages on the day of the alleged accident    (*Id*. ¶ 5).

4. That in light of the results from Ms. Martín Soto's search, she was able to confirm that, contrary to what has been alleged in the fifth paragraph of the Second Amended Third Party Complaint, Integrand did not have an insurance policy favoring the said Third Party Defendants in effect to cover the date of plaintiff's alleged accident. In other words, Policy No. CP 6112950 was NOT in effect on the date of plaintiff's alleged accident.  (*Id*. ¶ 6).

5. The only policy issued by Integrand was policy number 04 -CP6112950-9/000 to the order of Ten General Contractors, S.E. with coverage period extending from February 1, 1999 to February 1, 2002.  (Exhibit 1, ¶ 7).

6. After carefully reviewing such policy, which was not effective at the time of the accident object of this case, it shows that it clearly excludes instances as the one alleged by Third Party Plaintiffs as it specifically states that coverage within the policy excludes "Property Damage" to "impaired property" or property that has not been physically injured arising out of: (1) . . . (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."  (*Id*. ¶ 8).

Lynne P. Kramer et als v. North Coast Village et als.
Civil No. 05-1828 (JAG)
Report and Recommendation
Page 8

As above stated, the Third Party Plaintiffs have failed to submit any document, affidavit,[1] sworn statement or averment in a sworn complaint, as evidence in opposition to the summary judgment request, to contest the above facts and defeat the summary judgment request. No evidence whatsoever has been submitted by the Third Party Plaintiffs to support counsel's arguments, included in the Opposition, that there was indeed an insurance policy in effect at the time of the alleged accident in this case and that Integrand is liable under said policy.

The non-moving party may not simply rest on its pleadings, Celotex Corp., 477 U.S. at 324, nor may it rest on mere allegations, Anderson, 477 U.S. at 243. Likewise, a party cannot rely upon self-serving conclusions, unsupported by specific facts in the record." Laresca v. Am. Tel. & Tel., 161 F.Supp.2d 323, 327 (D.N.J.2001) (citing Celotex Corp., 477 U.S. at 322-23). Unsworn arguments of counsel and "unsupported allegations in [the non-moving party's] memorandum or pleadings are insufficient to repel summary judgment." Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Rather, the party opposing summary judgment must present actual, admissible evidence that establishes a genuine issue of material fact. Celotex Corp., 477 U.S. at 324, Anderson, 477 U.S. at 243, National Wildlife Fed'n v. Lujan, 497 U.S. 871, 888-89 (1990). *See also*, Vargas v. Royal Bank of Canada, 604 F.Supp. 1036, 1045 (D. Puerto Rico 1985) (legal arguments by counsel in his memorandum of law are not sufficient to defeat a summary judgment request) (citing Transurface Carriers v. Ford Motor

---

[1] See Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (noting such affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence); Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (finding affidavits submitted in opposition to summary judgment which merely reiterate allegations made in the complaint without providing specific factual information made on the basis of personal knowledge are held insufficient).

Co., 738 F.2d 42, 46 (1st Cir. 1984)). Instead, Third Party Plaintiffs must come forward with evidence to support the assertions of their counsel.

In view of the foregoing, it can be concluded, without opposition, that Integrand is not liable to plaintiffs or the Third Party Plaintiffs because it had not issued an insurance policy in benefit of Third Party Defendants Rudolph Jurgensen and/or Advantage Development Corp. and/or Ten General Contractors, Inc. which was in effect at the time of the alleged accident on September 7, 2004.

In view of the above discussed, summary judgment in Integrand's favor is appropriate. Celotex, 477 U.S. at 322 (summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial).

## CONCLUSION

In light of the foregoing, it is recommended that Third Party Defendant Integrand's Motion for Summary Judgment (Docket No. 89) be **GRANTED.** Accordingly, all claims filed by the Third Party Plaintiffs against Integrand should be **DISMISSED WITH PREJUDICE**.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of June of 2007.

        **S/ CAMILLE L. VELEZ-RIVE**
        **CAMILLE L. VELEZ-RIVE**
        **UNITED STATES MAGISTRATE JUDGE**